## APPEAL OF THE SHIPLEY SCHOOL.

Docket No. 6494.   Submitted March 10, 1926.   Decided June 25, 1926.

*Pierce Archer, Jr., Esq.*, for the petitioner.
*J. A. Adams, Esq.*, for the Commissioner.

### Before ARUNDELL and LANSDON.

The Commissioner has determined deficiencies in income and profits taxes for the fiscal years ended June 30, 1920, and June 30, 1921, in the respective amounts of $125.50 and $2,753.32, or a total of $2,878.82, all of which is in controversy. The sole issue raised by the petitioner is that the Commissioner erred in refusing to classify it as a personal service corporation for each of the taxable years.

#### FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation with its principal office at Bryn Mawr, where it conducts a boarding and day school for girls. It was chartered in 1911, with an authorized capital of $25,000, divided into 500 shares of the par value of $50 each, all of which were issued for value. During the taxable years the stock was owned as follows: Eleanor O. Brownell 248½ shares; Alice G.

Howland 248½ shares; Thomas F. Branson 3 shares. It is the successor of the Misses Shipley's School, established in 1893 by Hannah T. Shipley, Elizabeth A. Shipley, and Katharine M. Shipley, and conducted by them until 1911 as a joint venture.

Resulting from a series of contracts, the first made in 1911, all duly accomplished on terms not material to the issue here involved, Alice G. Howland and Eleanor O. Brownell acquired all the stock of the petitioner, except the qualifying shares issued to Branson, and all the real property used in connection with the school at a cost of approximately $175,000. The real property consists of about 2.28 acres of land and the various school buildings used by the petitioner. This property is not owned by the petitioner, but is leased by it from Howland and Brownell at a rental that was fixed at $10,000 per annum during the taxable years.

Howland and Brownell are president and secretary-treasurer, respectively, of the petitioner and co-principals of the school. Each devoted her entire time to the business of the petitioner during the years in question. Howland supervised the housekeeping, looked after the health of the resident pupils, had charge of maintenance and repairs of the building and the purchase of new materials and furnishings, had the care of the grounds, interviewed all parents of pupils who visited the school, engaged all teachers, planned the courses of study followed in the instruction of pupils, and performed many other duties incident to the academic activity of the petitioner. Brownell interviewed new teachers and arranged for their work, represented the school whenever it was necessary to use the services of an attorney, looked after the payment of interest and taxes and other financial matters in connection with the business operations of the petitioner, had charge of relationships with colleges, visited colleges attended by former students of the school, and shared with Howland in responsibility for the maintenance of discipline and order among the pupils and teachers.

During the year ended June 30, 1920, the petitioner had 78 boarding pupils and 125 day pupils. For that year the charge for boarding pupils was $1,200 and for day pupils $200 a year for the younger and $300 for the older girls, and the gross income from these sources amounted to $124,850. During the year ended June 30, 1921, the petitioner had 80 boarding pupils and an average of 148 day pupils, and the fees received were unchanged, except that the charge for boarders was increased to $1,400, and the income from such fees amounted to $149,000.

During the taxable years the petitioner employed 22 and 26 teachers, respectively, and paid salaries thereto in the respective amounts of $29,951.55 and $39,268.62. Practically all teachers engaged in classroom work were graduates of institutions of higher education.

The petitioner's income and deductions therefrom for each of the taxable years were as follows:

|  | Fiscal year ending June 30, 1920. | Fiscal year ending June 30, 1921. |
|---|---|---|
| GROSS INCOME |  |  |
| Tuition and board | $123, 563. 11 | $147, 766. 25 |
| Special lessons (piano, etc.) | 1, 224. 43 | 1, 439. 69 |
| Interest | 651. 86 | 283. 01 |
| Other income (books, pins, etc.) | 2, 598. 86 | 4, 662. 57 |
|  | 128, 038. 26 | 154, 151. 52 |
| DEDUCTIONS. |  |  |
| Teachers' salary (nonstockholders) | 29, 951. 55 | 39, 268. 62 |
| Servants' wages and other salaries (nonstockholders) | 25, 573. 62 | 30, 457. 25 |
| Salaries to stockholders | 13, 000. 00 | 13, 000. 00 |
| Provisions | 20, 115. 96 | 15, 455. 30 |
| Rent | 10, 000. 00 | 10, 000. 00 |
| Coal | 3, 551. 75 | 3, 146. 39 |
| Advertising | 1, 479. 32 | 355. 77 |
| Cottage and farm expense | 1, 181. 29 | 3, 597. 82 |
| Insurance | 532. 47 | 2, 290. 88 |
| Telephone and telegraph | 508. 94 | 542. 04 |
| Auto and garage expense | 559. 19 | 1, 310. 67 |
| Taxes | 1, 030. 27 | 965. 38 |
| Depreciation | 3, 316. 74 | 4, 169. 31 |
| Repairs | 6, 701. 84 | 4, 491. 59 |
| Renewals | 548. 25 | 337. 07 |
| Other expenses | 6, 732. 09 | 12, 287. 27 |
|  | 124, 783. 28 | 141, 675. 36 |
| Net income | 3, 254. 98 | 12, 476. 16 |

The petitioner's balance sheets at June 30 of each of the fiscal years involved are as follows:

|  | June 30, 1919. | June 30, 1920. | June 30, 1921. |
|---|---|---|---|
| ASSETS |  |  |  |
| Cash | $1, 136. 26 | $573. 20 | $1, 620. 94 |
| Accounts receivable | 5, 339. 49 | 4, 501. 97 | 2, 099. 42 |
| Inventories | 6, 002. 99 | 4, 582. 34 | 10, 294. 74 |
| Deferred charges |  | 960. 84 | 1, 331. 52 |
| Furnishings and equipment | 40, 847. 31 | 45, 132. 00 | 48, 030. 73 |
| Permanent improvements | 474. 59 | 2, 018. 29 | 3, 634. 83 |
|  | 53, 800. 64 | 57, 768. 64 | 66, 912. 18 |
| LIABILITIES. |  |  |  |
| Bills payable |  | 3, 000. 00 | } 7, 031. 65 |
| Accounts payable | 814. 86 | 7, 801. 14 |  |
| Accrued liabilities | 2, 825. 21 | 688. 67 | 409. 75 |
| Reserve for depreciation | 14, 508. 57 | 17, 825. 31 | 21, 994. 62 |
| Capital stock | 25, 000. 00 | 25, 000. 00 | 25, 000. 00 |
| Surplus | 10, 652. 00 | 3, 453. 52 | 12, 476. 16 |
| Total | 53, 800. 64 | 57, 768. 64 | 66, 912. 18 |

Fees for tuition and board charged by the petitioner are payable in advance for each half term and are collected not later than the end of the first five weeks of each such term.

> *Capital was a material income-producing factor. Judgment for the Commissioner.*